UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Comest Sabatino Allen, | ) | C/A No. 9:12-20-TMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| James E. Dorriety, | ) | |
| | ) | |
| Respondent, | ) | |
| _____ | ) | |

Comest Sabatino Allen ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee in the Greenville County Detention Center ("GCDC") in Greenville, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

Petitioner's exhibits reveal that he alleges the Simpsonville police arrested him on November 1, 2010. Pet. 18, 20, ECF No. 1. He alleges that he is charged with failure to stop for a blue light, hit and run, driving under the influence, and attempted murder. Pet. 3, ECF No. 1. In the Petition, he complains that his right to a speedy trial has been violated; his attorney, Christopher Scalzo, has provided ineffective assistance of counsel; that his right to a bond was violated; and, that his request for a bench trial was wrongfully denied. Pet. 8-9, ECF No. 1. Petitioner asserts that several of his constitutional rights have been violated, and he seeks immediate release from incarceration. Pet. 9-10, ECF No. 1. Further, Petitioner's exhibits reveal that he was released on a bond at some point, but that he was placed back in jail for allegedly violating his order of release by failing to pay money owed. Pet. 24, ECF No. 1.

This Court takes judicial notice that Petitioner previously filed a similar habeas action in this Court during his incarceration at the GCDC. *See Allen v. Dorriety*, C/A No. 9:11-509-HFF-



BM (D.S.C. April 1, 2011). *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). This Court dismissed that prior habeas action without prejudice. *See* Order, *Allen v. Dorriety*, C/A No. 9:11-509-HFF (D.S.C. April 1, 2011), ECF No. 11.

<u>*Pro Se* Habeas Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *see Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).



this less stringent standard, the Petition submitted in the above-captioned case is subject to summary

dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

Ordinarily, federal habeas corpus relief for a state prisoner is available

post-conviction.  However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C.

§ 2241, "which applies to persons in custody regardless of whether final judgment has been rendered

and regardless of the present status of the case pending against him."  *United States v. Tootle*, 65

F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

Petitioner is a detainee in a South Carolina local detention center facility.

Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution"

is not attainable through federal habeas corpus.  *Dickerson*, 816 F.2d at 226 (quoting *Brown v.*

*Estelle*, 530 F.2d 1280 (5th Cir. 1976)).  In *Younger v. Harris*, 401 U.S. 37 (1971), the United States

Supreme Court held that a federal court should not equitably interfere with state criminal

proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75

F.3d 881, 903 (4th Cir. 1996).  The *Younger* Court noted that courts of equity should not act unless

the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable

relief.  *Younger v. Harris*, 401 U.S. at 43-44 (citation omitted).  From *Younger* and its progeny, the

Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention

is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate

important state interests; and (3) there is an adequate opportunity to raise federal claims in the state



proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)(citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, Petitioner alleges that he is a pretrial detainee charged with attempted murder and other state charges. Therefore, an ongoing state criminal proceeding exists. The second criteria has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The United States Supreme Court also addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a 'fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26. *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979)(double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial



4

relief, special circumstances are likewise nonexistent.  *Moore v. DeYoung*, 515 F.2d 437, 449 (3d

Cir. 1975).  In *Moore*, the court concluded that the federal court should abstain from considering a

speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal.

*Id.* at 443.  *See generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d

at 226-27.  Therefore, Petitioner may raise his claims of speedy trial violation, ineffective assistance

of counsel or a request for different counsel, and his alleged right to a bench trial to the state courts

during trial and post-trial proceedings.

Since Petitioner can pursue his claims in state court both during and after trial, he fails

to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will

suffer irreparable injury if denied his requested relief of release from imprisonment.  *See Younger*,

401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his

Petition should be dismissed.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Petition without prejudice

and without requiring the Respondents to file an answer.

Petitioner's attention is directed to the important notice on the next page.

 

_____

Bristow Marchant
United States Magistrate Judge

January 30, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

