IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Comest Sabatino Allen, ) | |
| ) | C/A No. 9:12-20-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| James E. Dorriety, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Comest Sabatino Allen, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas corpus pursuant to 28 U.S.C. § 2241 on January 4, 2012. (Dkt. # 1).[1] Petitioner is a pretrial detainee in the Greenville County Detention Center ("GCDC") in Greenville, South Carolina, and he filed this action *in forma pauperis* under 28 U.S.C. § 1915.[2]

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On January 30, 2012, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report") recommending that the Petition be dismissed without prejudice and without requiring Respondent to file an Answer. The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 8 at 6). Petitioner filed objections to the Magistrate Judge's Report on February 10, 2012 (Dkt. # 10).

---

[1] The court takes judicial notice that Petitioner previously filed similar habeas actions during his incarceration at the GCDC. *See Allen v. Dorriety*, C/A No. 9:11-509-HFF-BM , which was dismissed without prejudice by Order filed at Dkt. # 11. *Also See Allen v. Dorriety, et al.*, C/A No. 9:11-305-TMC, which was dismissed without prejudice and without issuance and service of process, Dkt. # 15.

[2] Dorriety asserts in his Petition that he is charged with Possession of Stolen Vehicle, Failure to Stop for Blue Light, Hit and Run, Driving Under the Influence and Attempted Murder. Although the Petitioner asserts that he was denied bond within a reasonable time, according to the Greenville County Detention Center Online Inmate Records Search, Petitioner had a bond hearing on October 29, 2011, at which time his bail was set as a $5,000.00 cash or

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

Petitioner asserts that several of his constitutional rights have been violated, to include his right to a speedy trial, ineffective assistance of counsel, request for bond and request for a bench trial, and he seeks immediate release from incarceration.  As noted by the Magistrate Judge, a careful review of the Petition was conducted pursuant to the

---

surety bond, and Petitioner has other pending charges in Laurens County and Spartanburg County, South Carolina.

procedural provisions of 28 U.S.C. § 1915.

In his objections, Petitioner asserts that his right to a speedy trial has been violated, that he has been denied bond within a reasonable time, and expresses dissatisfaction with his legal representation and acknowledges that the state court has appointed substitute counsel to represent the Petitioner on the criminal charges pending in Greenville County. The objections also contain a discussion concerning the underlying factual disputes in the criminal charges pending in state court.

The Magistrate Judge recommended that the Petition be dismissed without prejudice and without requiring Respondent to file an Answer. The court has carefully reviewed Petitioner's objections and finds that his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. A party's general, non-specific objection is insufficient to challenge findings by a Magistrate Judge. 28 U.S.C.A. § 636(b)(1).

Further, as noted by the Magistrate Judge, Petitioner can pursue his claims in state court both during and after trial, and, therefore, has failed to demonstrate "special circumstances" or show that he has no adequate remedy at law and will suffer irreparable injury if he is denied his requested relief. *Younger v. Harris*, 401 U.S. at 43-44.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Petition is **DISMISSED** without prejudice and without requiring

Respondent to file an Answer.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 9, 2012
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.